Filed 11/18/22  P. v. Varela CA4/2
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075562 |
| v. | (Super.Ct.No. CR58553) |
| SALVADOR TIRADO VARELA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed.

James M. Kehoe, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Senior Assistant Attorney General, and Lynne G. McGinnis, Alan L. Amann, and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1996, a jury instructed on felony murder found petitioner Salvador Tirado Varela guilty of first degree murder, with a kidnapping-murder special circumstance. In 2020, he filed a petition to vacate the murder conviction under Penal Code section 1172.6.[1] The trial court denied the petition; it ruled that the kidnapping-murder special circumstance finding conclusively established that he was not eligible for relief.

Petitioner contends that this was error. Under *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) — decided while this appeal was pending — he is correct.

I

DISCUSSION

Under section 1172.6, the trial court must vacate a first-degree murder conviction that was based on a felony-murder theory, unless the petitioner either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of first-degree murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.[2] (§ 1172.6, subd. (d)(3), incorporating § 189, subd. (e).)

---

[1] All further statutory citations are to the Penal Code.

The petition was actually filed under former section 1170.95. (Enacted by Stats. 2018, ch. 1015, § 4, amended by Stats. 2021, ch. 551, § 2.) While this appeal was pending, former section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We will use section 1172.6, somewhat anachronistically, to refer to whichever one of the two statutes was in effect at the relevant time.

[2] Or — we note for completeness, although it is not relevant here — unless the victim was a police officer killed in the course of his or her duties and the defendant knew or should have known that. (§ 189, subd. (f).)

2

A felony-murder special circumstance, however, requires that the defendant either (1) was the actual killer, (2) had the intent to kill and aided and abetted the commission of first-degree murder, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 190.2, subds. (a)(17), (b)-(d).)

Accordingly, when first confronted with the question, this court held that a true finding on a felony-murder special circumstance conclusively established ineligibility for relief under section 1172.6. (*People v. Jones* (2020) 270 Cal.Rptr.3d 362, review granted Jan. 27, 2021, S265854, depublished and transferred with directions Sept. 28, 2022.)

While this appeal was pending, however, *Strong* held that *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) "substantially clarified" the requirements of a felony murder special-circumstance finding. (*Strong*, *supra*, 13 Cal.5th at p. 706.) Therefore, a felony murder special-circumstance finding made before *Banks* and *Clark* were decided does *not* conclusively establish ineligibility for relief under section 1172.8. (*Strong*, *supra*, at pp. 710-720.)

The People concede that, in light of *Strong*, the trial court erred, and we must reverse the order appealed from. We agree, and we will do so.

II

DISPOSITION

The order appealed from is reversed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                    P. J.


We concur:

MILLER_____
                        J.

SLOUGH_____
                        J.